Stuart M. Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818) 205-2466
Stuart@pricelawgroup.com
*Attorney for Plaintiff,*
*Luis Cardenas*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| LUIS CARDENAS, | **Case No.:** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| ONEMAIN FINANCIAL GROUP, LLC, | 1. TCPA, 47 U.S.C. § 227 |
| Defendant. | 2. Cal Civ. Code § 1788 |
| | **(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Luis Cardenas (Plaintiff), through his attorneys, alleges the following against Defendant, OneMain Financial Group, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of

automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Plaintiff resides in the State of California, and therefore, personal jurisdiction is established.

4. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Moreno Valley, Riverside County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collector with its principal place of business located at 601 N. W. Second Street, Evansville, IN 47708.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

//

## FACTUAL ALLEGATIONS

11. Defendant was attempting to collect an alleged debt from Plaintiff.

12. In or around June 2016, Defendant began placing calls to Plaintiff's cellular phone number (626) 660-7559, in an attempt to collect an alleged debt.

13. The calls mainly originated from (951) 485-6960; (888) 617-7187; (888) 921-2342; (800) 742-5465; and (888) 921-2342. Upon information and belief, these numbers are owned or operated by Defendant.

14. On or about June 25, 2016, at 10:50 a.m., Plaintiff answered a call from Defendant originating from (951) 485-6960; Plaintiff spoke with a Representative.

15. Defendant informed Plaintiff that it was attempting to collect a debt.

16. During that call, Plaintiff asked for calls to his cell phone to cease. Despite his request, Plaintiff continued to receive calls on his cellular phone.

17. Between June 28, 2016 and October 31, 2016, Defendant called Plaintiff approximately ninety-one (91) times. Plaintiff typically received between one (1) to five (5) calls per day to his cellular phone.

18. On multiple occasions Plaintiff was called up to five (5) times in a day. For example, Plaintiff was called five times on or about October 31, 2016 at 8:57 a.m., 11:11 a.m., 3:02 p.m., 5:25 p.m., and 6:24 p.m.

19. Between November 1, 2016 and February 23, 2017, Defendant called Plaintiff approximately eighty-eight (88) times.

20. Defendant contacted Plaintiff's cellular telephone approximately one hundred and seventy-nine (179) times after having unequivocally revoked consent to be contacted.

21. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

23. Plaintiff is employed by FedEx, as a driver, and utilizes his cellular phone when on the job.

24. Due to Defendant's incessant calls, Plaintiff has received complaints related to phone calls from Defendant while making deliveries.

25. Defendant's phone calls have routinely interrupted Plaintiff while utilizing his navigation system; at times Plaintiff would miss turns or stops and have to back track.

26. Defendant's conduct induced stress, anxiety, and embarrassment in his place of work.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

## COUNT II

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

30. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

31. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

       i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

32. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Luis Cardenas, respectfully requests judgment be entered against Defendant, OneMain Financial Group, LLC, for the following:

A. Declaratory judgment that Defendant violated the RFDCPA;

B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: March 28, 2017

By:/s/ Stuart Price
        Stuart M. Price, Esq.
        15760 Ventura Boulevard, Suite 800
        Encino, CA 91436
        T: (818) 205-2466
        Stuart@pricelawgroup.com
        *Attorneys for Plaintiff,*
        *Luis Cardenas*